**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Howard Griffin,

Plaintiff,

v.

Eric D. Payne, Guillermo A. Suarez, Thomas Clifford, Dave Edwardy, Jenny Smith, and Constance Reese,

Defendants.

Civil No. 00-2764 ADM/AJB

**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Magistrate Judge on plaintiff's motion for appointment of counsel [Docket No. 6]. A complaint alleging violation of plaintiff's civil rights is pending before the court.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 6].

Dated: 4/17/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that he is

FILED APR 17 2001
CLERK

unable to afford counsel and that his circumstances make it difficult for him to investigate facts relating to the credibility of defendants. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. In his argument for appointment of counsel plaintiff focuses on his inability to investigate with regard to defendants' credibility on medical treatment issues. He engages in considerable discussion of facts relating to neurological examinations and diagnoses and contends that facts have been presented to show that officials would not be truthful. The complaint largely consists of an extensive and detailed description of treatment that has been provided, along with allegations and

explanations as to how particular actions were negligent, reckless, or otherwise improper. While the parties will likely disagree with respect to certain facts and their significance in light of the allegations, the pleadings to not indicate that fair resolution of this civil rights action will hinge upon unique issues of credibility which require appointment of counsel for investigation purposes or otherwise. In fact, the extensive and highly factual complaint in this matter belies the assertion that appointment of counsel is necessary. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).