**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Howard Griffin,

Plaintiff,

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2764 ADM/AJB

v.

Eric D. Payne,
Guillermo A. Suarez,
Thomas Clifford,
Dave Edwardy,
Jenny Smith, and
Constance Reese,

Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Howard Griffin's Appeal [Doc. No. 18] of Magistrate Judge Arthur J. Boylan's Order of April 17, 2001 [Doc. No. 9]. Judge Boylan's Order denied Plaintiff's Motion for Appointment of Counsel [Doc. No. 6]. For the reasons set forth below, the Order is affirmed.

## II. BACKGROUND

Plaintiff is a federal prisoner currently serving time at the Federal Correctional Institute in El Reno, Oklahoma. Am. Compl. ¶ 3. In 1998, Plaintiff was incarcerated at the Federal Medical Center in Rochester, Minnesota. *Id.* Plaintiff's Complaint alleges that while at the Federal Medical Center, Defendants wantonly caused cervical spine and nerve damage, and unnecessary pain and suffering through "deliberate indifference and denial of medical care." *Id.* at 1.

## III. DISCUSSION

The standard of review applicable to an appeal of a magistrate judge's non-dispositive

FILED JUN 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

order is extremely deferential. *See Reko v. Creative Promotions, Inc.*, 70 F. Supp. 1005, 1007 (D. Minn. 1999). A district court may only reverse a non-dispositive order of a magistrate judge if it is "clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a).

In evaluating whether a petitioner requires court-appointed counsel, the court should determine whether the case is such that "the [plaintiff] as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Some factors to consider are the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims without counsel. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). Plaintiff asserts that he is unable to conduct an investigation of the facts or develop evidence of his medical treatment for a trial because of his medical condition and its resulting mental illness. Plaintiff, however, has shown that he has at least a basic understanding of the legal and factual issues and is able to proceed with the litigation. Furthermore, while Plaintiff has presented evidence that he is limited by his physical and mental ailments, he has not shown that this inhibits him from presenting his case unaided. As a result, Judge Boylan's Order is not "clearly erroneous or contrary to the law." 28 U.S.C. § 636(b)(1)(a).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Judge Boylan's Order of April 17, 2001 [Doc. No. 9] is **AFFIRMED** in its entirety.

(2) Plaintiff's Appeal of Judge Boylan's Order [Doc. No. 18] is **DISMISSED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2001