UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

HOWARD GRIFFIN,

Plaintiff,

v.

ERIC D. PAYNE, MPT,
GUILLERMO A. SUAREZ, Neurologist,
THOMAS CLIFFORD, M.D.,
DAVE EDWARDY, M.D.,
JENNY SMITH, Associate Warden, and
CONSTANCE REESE, Warden,

Defendants.

---

Civil File No. 00-2764 (ADM/AJB)

ORDER

This matter is before the Court pursuant to Plaintiff's untitled submission dated June 28, 2001, which was filed with the Court (as Docket No. 27) on July 16, 2001. The Federal Defendants have filed a response to Plaintiff's submission, (Docket No. 30), suggesting that it should be viewed as

(a) a motion to compel discovery, and

(b) an appeal of Magistrate Judge Boylan's order of June 13, 2001, (Docket No. 23), which granted Plaintiff leave to file an amended complaint and gave the Federal Defendants sixty days to respond to it.

The Court agrees with the Federal Defendants' construction of Plaintiff's submission, and will address it accordingly.

To the extent that Plaintiff is seeking to compel discovery, his "motion" is denied without prejudice, because it is not adequately supported. Plaintiff's supposed discovery motion, consisting of only a single paragraph, does not provide a sufficient explanation of the factual and legal grounds on which it is based. If Plaintiff believes that Defendants have not complied with the rules governing

FILED AUG 0 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

pre-trial discovery, he will have to file a proper motion to compel discovery, showing the facts and legal authority that support his position. Furthermore, any such motion must be filed directly with the Magistrate Judge to whom this case has been assigned. See Local Rule 72.1(b)(1).

To the extent that Plaintiff is attempting to appeal the Magistrate Judge's ruling on his request for leave to amend, his appeal will be denied for the reasons argued by the Federal Defendants. First, Plaintiff's appeal is simply too late, because it was not filed within ten days after the Magistrate Judge's ruling. See Local Rule 72.1(b)(2). Second, the Magistrate Judge's ruling is not "clearly erroneous or contrary to law." Id. Plaintiff's request for leave to amend was granted, and Plaintiff was properly ordered to file an entirely new pleading. See Local Rule 15.1 ("[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference").[1] The Court also finds no error in the Magistrate Judge's determination that the Federal Defendants should have sixty days to respond to any amended complaint that Plaintiff may file. See Fed. R. Civ. P. 12(a)(3)(A) (allowing the United States and its agencies and employees sixty days after service to file a response to "the pleading asserting the claim").

Finally, the Court notes that it has now been approximately two months since Magistrate Judge Boylan granted Plaintiff leave to amend, but Plaintiff still has not filed an amended complaint. To avoid further delay and confusion in this matter, Plaintiff will be ordered to file his amended complaint, (which, again, must be an entirely new pleading), by no later than August 31, 2001. If he has not filed an amended complaint by that date, he will no longer be allowed to do so, and the action

[1] The local rule requires an entirely new pleading, because piecemeal supplements to pre-existing pleadings tend to create confusion in the court records.

will thereafter proceed on the basis of his original pleading.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request to compel discovery, (Docket No. 27), is DENIED WITHOUT PREJUDICE;

2. Plaintiff's appeal from the Magistrate Judge's order of June 13, 2001, (Docket No. 27), is DENIED; and

3. Plaintiff will not be allowed to amend his complaint after August 31, 2001. If he has not filed and served a proper (i.e., entirely new) amended complaint by that date, the action will thereafter proceed solely on the basis of Plaintiff's original complaint.

Dated: August 7, 2001

ANN D. MONTGOMERY
United States District Court Judge