**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Howard Griffin,

Civil No. 00-2764 ADM/AJB

Plaintiff,

v.

**ORDER ON MOTION FOR EXTENSION OF TIME**

Eric D. Payne, Guillermo A. Suarez, Thomas Clifford, Dave Edwardy, Jenny Smith, and Constance Reese,

Defendants.

This matter is before the Magistrate Judge on plaintiff's "Second Motion of an Extension of Time to Answer Defendant's Interrogatories [Docket No. 53]. A complaint alleging medical malpractice and violation of plaintiff's civil rights is pending before the court. Plaintiff now requests additional time to submit a certificate of expert review as required under Minn. Stat. §145.682, Subd. 2. The provision provides that the certificate of expert review shall be served upon the defendant within 180 days after commencement of the suit. Minn. Stat. §145.682, Subd. 4(b) states that "[t]he parties or the court for good cause shown, may by agreement, provide for extensions of the time limit specified in subdivision 2, 3, or this subdivision." Plaintiff now asserts in his motion that he previously filed a motion for extension of time to answer defendant's interrogatories on August 1, 2001, and that he needs additional time to obtain the necessary medical certificate under Minn. Stat. §145.682 because he "has not been released from prison 6 months [and his] insurance plan require[s] him to be under the plan



NOV 29 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

for 6 mos. prior to activating the insurance coverage. At that time plaintiff will seek medical attention to obtain the required affidavits(s)."

The Court has reviewed the file and finds no prior motion in the record by plaintiff in which plaintiff directly seeks additional time to obtain a certificate of expert review pursuant to Minn. Stat. 145.682, Subd. 2. In a document captioned "Response to Defendant Suarez Interrogatories" received by the Court on August 6, 2001, plaintiff stated that he was released from prison and transferred to halfway house custody on June 14, 2001. Plaintiff does not indicate the date on which his insurance coverage would commence and does not indicate a particular date by which he could obtain an affidavit of expert review.

Based upon review of the file and pertinent pleadings, **IT IS HEREBY ORDERED** that plaintiff's "Motion for an Extension of Time to Answer Defendant's Interrogatories" is **granted** as provided herein [Docket No. 53]. Plaintiff shall have 180 days commencing August 1, 2001, to file a certificate of expert review pursuant to Minn. Stat. 145.682. Plaintiff shall serve and file the required affidavit on or before January 28, 2002. Plaintiff has had ample time since release from incarceration in which to consult with a physician regarding medical malpractice issues in this case. Such medical consultation for purposes of litigation in not contingent upon the existence of insurance coverage, and the Court declines to indefinitely defer the matter on that basis.

Dated: 11/29/01

Arthur J. Boylan
United States Magistrate Judge