**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Howard Griffin,

Civil No. 00-2764 ADM/AJB

Plaintiff,

v.

Eric D. Payne, Guillermo A. Suarez, Mayo Clinic, Thomas Clifford, Dave Edwardy, Jenny Smith, and Constance Reese,

Defendants.

**REPORT AND RECOMMENDATION ON FEDERAL DEFENDANT'S MOTION TO DISMISS**

This action is before the United States Magistrate Judge for Report and Recommendation on motion by federal defendants for dismissal or summary judgment pursuant to Fed. R. Civ. P. 12 and 56. [Docket No. 38].[1] Plaintiff filed an amended pro se complaint for violation of civil rights under 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). [Docket No. 36]. The complaint alleges each defendant's deliberate indifference to plaintiff's serious medical needs with respect to treatment for plaintiff's complaints of pain in his shoulder, neck and arm, and ear problems. The complaint asserts that various defendants withheld necessary and recommended treatment and further alleges conspiracy among certain defendants to retaliate for plaintiff's statement that he intended

[1] The federal defendants in this action are current or former employees at FMC Rochester. They are: Eric D. Payne, a physical therapist and commissioned officer in the U.S. Public Health Service; Thomas Clifford, a former medical doctor at FMC Rochester, now retired; David Edwardy, clinical director; Constance Reese, warden; and Jeanne K. Smith, associate warden.



APR 11 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to file an action based upon violation of his Eighth Amendment rights. Plaintiff seeks compensatory damages for loss of future earning capacity, damages for mental and emotional anguish, and punitive damages. The federal defendants now move to dismiss claims against them, asserting that plaintiff has failed to exhaust administrative remedies with respect to each of the claims and parties; that defendants Reese, Smith, and Edwardy cannot be held liable in this action on the theory of respondeat superior; that defendant Payne, as an employee of the Public Health Service, is entitled to absolute immunity from liability with respect to the claims presented here; and that all federal defendants are entitled to qualified immunity in this matter. The federal defendants further contend that they are entitled to summary judgment in light of the facts of the case, plaintiff's request for money damages is barred to the extent he alleges claims against defendants in their official capacities, and sovereign immunity precludes claims against the United States and individuals sued in an official capacity. Finally, defendants insist that plaintiff has failed to meet the Minnesota state law requirement for submission of an expert affidavit in support of a perceived medical malpractice claim.

This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For reasons discussed below the Magistrate Judge concludes that plaintiff's claims for violation of constitutional rights by federal defendants should be dismissed without prejudice for failure to exhaust administrative remedies; claims of medical malpractice against defendants in their individual capacities should be dismissed for failure to submit a required affidavit of expert review; tort claims against defendants in their official capacities are barred, and sovereign immunity precludes claims against the United States.

**Exhaustion**

The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a) expressly mandates the exhaustion of administrative remedies prior to commencement of any action relating to prison conditions under Section 1983, or any other Federal law. Defendants assert that the Federal Bureau of Prisons has promulgated a three tiered administrative review procedure which is designed to address a federal inmate's concerns relating to any aspect of confinement.[2] 28 C.F.R. §§ 542.10–542.16. The administrative remedy process requires an inmate to first submit a complaint to the warden of the institution of confinement. The prisoner may appeal an adverse response by the warden to the Regional Director. Further appeal of an adverse decision may be taken to the Central Office of the Federal Bureau of Prisons. An inmate has exhausted his administrative remedies only when the Central Office has given its final response.[3]

Plaintiff in this matter submitted a written request for administrative remedy to the warden at FMC Rochester on February 16, 2000, therein criticizing the diagnosis and treatment provided by a physical therapist[4] and alleging that a neurologist [5] was negligent and showed deliberate indifference by failing to conduct a physical examination of his neck. For his remedy

---

[2] Declaration of Janice L. Bonneville, para. 4. [Docket No. 40].

[3] Id..

[4] The federal defendants acknowledge that Eric D. Payne the physical therapist referenced in the administrative complaint.

[5] Defendant Guillermo A. Suarez is a neurologist. Dr. Suarez is represented by private counsel and is not among the federal defendants presently moving to dismiss claims against them.

plaintiff requested a complete neurological work-up of his cervical spine.[6] The warden denied plaintiff's request for administrative remedy by notice dated March 14, 2000, and plaintiff properly appealed the decision to the Regional Director. The Regional Administrative Remedy Appeal was likewise denied. Finally, plaintiff appealed to the Central Office and once again his appeal was denied.[7] Although the prisoner arguably exhausted his administrative remedies with respect to an isolated claim involving defendant Payne, he sought no administrative remedies whatsoever with respect to claims against defendants Clifford,[8] Edwardy, Smith and Reese. The federal defendants now contend that claims against them must be dismissed as a consequence of plaintiff's failure to fully exhaust administrative remedies with respect to all claims and parties. Plaintiff argues that 42 U.S.C. §1997e(a) does not apply to a Bivens action.

The exhaustion provision at 42 U.S.C. § 1997e (a) requires dismissal of this action without prejudice. Porter v. Nussle, __ U.S. __, 122 S.Ct. 983 (2002). The statute states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The exhaustion statute as amended by the Prisoner Litigation Reform Act in 1995 leaves the district court with significantly less discretion with respect to the exhaustion

---

[6] Declaration of Janice L. Bonneville, Exh. 2.

[7] Declaration of Janice L. Bonneville, Exh. 2.

[8] Although plaintiff's written requests for administrative remedy make reference to the involvement of Dr. Clifford, the complaints cannot reasonably be interpreted to state claims or complaints regarding actions of Dr. Clifford which would have been recognized as a subject of the appeals.

requirement than the predecessor provision upon which plaintiff relies. Porter v. Nussle, 122 S.Ct. at 988. Indeed, exhaustion is now mandatory. Id. (citing Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). All available remedies must be exhausted and such remedies need not meet particular federal standard or be plain, speedy, and effective. Id. The exhaustion requirement applies when the prisoner seeks money damages, even though money damages may not be available through administrative appeals, and 42 U.S.C. § 1997e(a) requires exhaustion for all actions relating to prison conditions whether brought under Section 1983 or any other Federal law, including Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 915 S.Ct. 1999. Id. Under the PLRA it is contemplated that suits relating to prison conditions includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S.Ct. at 992. Furthermore, Section 1997e(a) mandates that all available prison grievance remedies be exhausted as to all claims before an action is commenced which involves multiple prison condition claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000). It is clear that plaintiff has not sought relief through administrative processes with respect to his numerous complaints in this action, save one. The prisoner makes no pretense that he has properly exhausted all of his remedies and he asserts no justification for permitting the case to proceed without exhaustion of administrative remedies due to circumstances of this case. In fact, no unique circumstances are apparent and would not provide a basis for non-exhaustion in any event. The federal defendants' motion to dismiss Section 1983 claims without prejudice[9] should

[9] Recommendation for dismissal without prejudice should not be construed as a suggestion by the Court that plaintiff's Eighth Amendment claims with respect to medical care have merit. Contrary to the allegations in the amended complaint, review of plaintiff's medical

be granted and all claims characterized as Bivens claims, constitutional claims, or Section 1983 claims should be dismissed pursuant to 42 U.S.C. § 1997e(a).

**Expert Review Requirement**

Plaintiff's amended complaint describes this matter as a civil rights action for damages under Bivens, though he goes on to specifically allege violation of the Eighth Amendment and, arguably, negligence.[10] A "Summary of Claim"[11] contained in the pleading describes actions relating to medical treatment by the various defendants which allegedly manifested deliberate indifference in violation of the Eighth Amendment prohibition against cruel and unusual punishment, but the amended complaint does not appear to explicitly state a malpractice claim. Nonetheless, defendant requested and was provided an extension of time[12] in which to obtain and submit an affidavit of expert review as necessary to maintain an action for medical malpractice under applicable state law. Minn. Stat. § 145.682, subd. 2. Plaintiff's own affidavit entitled "In Compliance with Minn. Stat. at 145.682" was filed on January 2, 2002.[13]

---

records relating to treatments received at FMC Rochester fails to reveal any noteworthy evidence of deliberate indifference to serious medical needs constituting unnecessary and wanton infliction of pain as necessary to establish an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291 (1976). Furthermore, prisoners have no constitutional right to a particular course of treatment, Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)(citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)), and mere negligence or medical malpractice are insufficient to rise to a constitutional violation. Dulany at 1239 (citing Estelle v. Gamble, 97 S.Ct. at 292).

[10] Amended Complaint, Preliminary Statement, page 1. [Docket No. 36].

[11] Id., pp. 26-35.

[12] Order dated November 29, 2001. [Docket No. 54].

[13] [Docket No. 57].

The affidavit states that the facts of the case have been reviewed by Dr. Keith A. Evans, a chiropractor, and it is the opinion of Dr. Evans that one or more defendants deviated from the applicable standard of care, thereby causing injury to the plaintiff. However, Dr. Evans is not the affiant, and the affidavit therefore fails to satisfy the statutory provision which mandates that the affidavit be signed by the expert listed in the affidavit, and the affidavit further fails to identify a person whom plaintiff expects to call as an expert witness at trial. Minn. Stat. §145.682, subd. 4.

Determination of whether the plaintiff is in need of medical treatment; describing the nature of the affliction and necessary treatment; and evaluation of the adequacy of a defendant's care are technical matters requiring expert review and opinion. See Paulos v. Johnson, 502 N.W.2d 397, 400 (Minn. App. 1993). The primary purpose for the statutory expert review requirement in a malpractice action is elimination of nuisance malpractice suits. Lombardo v. Seydow-Weber, 529 N.W.2d 702, 703 (Minn. App. 1995)(review denied). Obviously, a plaintiff's inability to obtain an expert affidavit might serve to validate the purpose of the statute, and a purported expert affidavit that is not signed by the expert cannot serve as a certification by the expert that there is merit to any claims of malpractice. To the extent that the amended complaint alleges medical malpractice or medical negligence, those claims should be dismissed due to plaintiff's failure to submit the statutorily required affidavit of expert review.

**Official Capacity and Sovereign Immunity**

The amended complaint states that each defendant is sued in an individual and official capacity.[14] An official capacity suit is essentially a suit against the government entity, i.e. the United States, and any damages recovery may be obtained from the government entity itself.

---

[14] Amended Complaint, Parties, page 2. [Docket No. 36].

Kentucky v. Graham, 474 U.S. 163, 166, 105 S.Ct. 3099, 3105 (1985). Plaintiff notes that in order to establish governmental liability in a Section 1983 action, the entity must be a moving force behind the alleged deprivation of a federal right. In addition, in an official capacity suit the entity's policy or custom must have played a role in the violation of federal law as alleged. Kentucky v. Graham, 474 U.S. at 166, 105 S.Ct. at 3105. Plaintiff provides no evidence or argument to support a contention that the government itself was a moving force or that policy or custom played a part in the alleged federal law violations in this matter. Also, it is well-settled that in a action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 915 S.Ct. 1999, a plaintiff may sue only individuals who allegedly violated his or her constitutional rights while acting under color of federal law. Bivens does not authorize suits directly against the United States or any of its agencies for alleged constitutional misconduct. Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.), cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210, 103 S.Ct. 1205 (1983).

The federal government itself cannot be sued in a Bivens action, because it is immune from such suits under the doctrine of sovereign immunity. See Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). The United States and its agencies, such as the Bureau of Prisons, can be sued only if the federal government has waived its immunity. Id. Furthermore, any such waiver must be "expressed unequivocally" by Congress. Id. Plaintiff has not cited, and the Court is not aware of, any express congressional authorization for a suit such as the one presently before the Court. To the extent that plaintiff seeks to sue the United States under Bivens (or under any other legal theory) such suit is barred by the doctrine of sovereign immunity.

**Mental and Emotional Anguish Damages and Punitive Damages**

In addition to a request for compensatory damages, the amended complaint states a request for $100,000 as mental and emotional anguish damages. The pleading does not state claims for either negligent or intentional infliction of emotional distress and plaintiff has not exhausted administrative remedies with respect to causes of action that might be inferred on the basis of the damages claim. Plaintiff alleges pain related sleeplessness and mental illness relating to lingering resentment, anger and depression resulting from disability due to his injuries. The assertions are mere conclusions and plaintiff directs the Court to no evidence of outrageous conduct on the part of any defendant and no evidence that he has experienced the severe emotional distress necessary to prevail on a claim of either negligent or intentional infliction of emotional distress.[15] Plaintiff claim for mental and emotional anguish damages should be dismissed with prejudice.

Plaintiff also requests punitive damages in the amount of $750,000 for callous disregard for his Eighth Amendment rights. With respect to constitutional claims, the claim for damages for any alleged Eighth Amendment violations should be dismissed for all the reasons stated above, including failure to exhaust administrative remedies, the absence of official capacity liability, and sovereign immunity. With respect to punitive damages arising out of a malpractice action, the claim is further barred by the Federal Tort Claims Act at 28 U.S.C. §2674

[15] Elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct on the part of the defendant; (2) the conduct was intentional or reckless; and (3) the conduct caused severe emotional distress. Hubbard v. United Press International, 330 N.W.2d 428, 438-39 (Minn. 1983). The plaintiff may recover for negligent infliction of emotional distress if he: (1) was within a zone of danger or physical impact; (2) reasonably feared for his own safety; and (3) suffered severe emotional distress with physical manifestations. Masepohl v. American Tobacco Co., 974 F. Supp. 1245, 1251-52 (D. Minn. 1997).

which limits the liability of the United States to actual or compensatory damages and explicitly prohibits punitive damages. Plaintiff's request for punitive damages should be dismissed.

## RECOMMENDATION

Based upon the foregoing discussion, the Magistrate Judge **hereby recommends** that the federal defendants' Motion for Dismissal be **granted** [Docket No. 38] and that plaintiff's amended complaint [Docket No. 36] thereby be **dismissed** with respect to defendants Payne, Clifford, Edwardy, Smith, and Reese for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e(a) and failure to submit an affidavit of expert review as necessary to proceed on medical malpractice claims. Minn. Stat. §145.682. It is **further recommended** that claims against all federal defendants in their official capacities be **dismissed** and that claims for damages based upon mental and emotional anguish, as well as punitive damages claims be **dismissed**. Dismissal should be without prejudice to the plaintiff's right to seek administrative review relating to his constitutional claims and should be with prejudice with respect to malpractice claims, official capacity claims, and emotional distress and punitive damages claims.

Dated: April 11, 2002

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 25, 2002.