**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Howard Griffin,

Plaintiff,

v.

Eric D. Payne, Guillermo A. Suarez, Mayo Clinic, Thomas Clifford, Dave Edwardy, Jenny Smith, and Constance Reese,

Defendants.

Civil No. 00-2764 ADM/AJB

**REPORT AND RECOMMENDATION ON SUAREZ AND MAYO CLINIC MOTION FOR SUMMARY JUDGMENT**

This action is before the United States Magistrate Judge for Report and Recommendation on motion by defendants Guillermo Suarez, M.D. and Mayo Clinic for summary judgment pursuant to Fed. R. Civ. P. 56. [Docket No. 75]. Plaintiff filed an amended pro se complaint for violation of civil rights under 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971). [Docket No. 36]. Claims relating to defendants other that Suarez and Mayo Clinic were previously dismissed on several grounds, including failure to exhaust administrative remedies, failure to state cognizable claims for emotional distress and punitive damages, failure to submit an affidavit of expert review as necessary to proceed on medical malpractice claims, and sovereign immunity.[1] With respect to

[1] Order by District Court dated April 30, 2002 [Docket No. 63], adopting Report and Recommendation by the Magistrate Judge dated April 11, 2002 [Docket No. 62], therein dismissing claims against Eric D. Payne, a physical therapist at FMC Rochester; Thomas Clifford, a former medical doctor at FMC Rochester, now retired; David Edwardy, clinical director; Constance Reese, warden; and Jeanne K. Smith, associate warden.



OCT 30 2002
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

defendants Suarez and Mayo Clinic the amended complaint alleges malpractice and further alleges deliberate indifference, an Eighth Amendment standard, on the part of both defendants, as well as conspiracy to withhold treatment and to cover up negligent acts by defendant Suarez. Plaintiff seeks compensatory damages for loss of future earning capacity, damages for mental and emotional anguish, and punitive damages. The remaining defendants now move for summary judgment, asserting that plaintiff has failed to meet the Minnesota state law requirement for submission of an expert affidavit in support of a medical malpractice claim. Defendants Suarez and Mayo Clinic further seek dismissal of claims to the extent that Eighth Amendment violations, conspiracy, or negligence are alleged against them.

This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For reasons discussed below the Magistrate Judge concludes that claims of medical malpractice against defendants Suarez and Mayo Clinic should be dismissed with prejudice for failure to submit a required affidavit of expert review and that Eighth Amendment and conspiracy claims should be dismissed for failure to state a claim.

**Background and Claims**

Plaintiff commenced this action by civil complaint filed on December 26, 2000, asserting claims relating to medical treatment received by him while incarcerated at the Federal Medical Center at Rochester, Minnesota. The initial complaint included Guillermo A. Suarez as a defendant sued in his individual capacity and stated that Suarez is a neurologist employed at Mayo Clinic and under contract to the Federal Medical Center. Thereafter, plaintiff prepared and served an amended complaint adding Mayo Clinic as a defendant, alleging that Mayo Clinic is

under contract to the Federal Medical Center, and asserting that defendants Suarez and Mayo Clinic were sued in both their individual and official capacities. These defendants indicate that the amended complaint was served upon them on August 30, 2001. Pursuant to plaintiff's request for additional time in which to answer defendants' interrogatories, the Magistrate Judge issued an Order allowing plaintiff until January 28, 2002, to file an affidavit of expert review or answer a pertinent interrogatory which would satisfy the requirement for notice of expert review under Minn. Stat. §145.682. On December 27, 2001, plaintiff served defendants with an affidavit which purports to state the opinion of a chiropractor, Dr. Keith A. Evans, regarding physical therapy treatment received by the plaintiff. The document was signed by the plaintiff and was not signed by the chiropractor. In addition, the physical therapist named in the complaint, Eric Payne, was one of federal defendants already dismissed from this action, and the expert submission did not expressly reference any treatment provided by Dr. Suarez or the Mayo Clinic. Plaintiff made no further submissions for purposes of compliance with the expert review requirement prior to dispositive motion filings by any defendant. However, upon plaintiff's request filed August 23, 2002, seeking additional time to respond to the present motion for summary judgment and obtain an additional expert affidavit, he was given an extension[2] until September 20, 2002, to file the documents. No further affidavit of expert review or response to

---

[2] In an Order dated August 26, 2002, the Magistrate Judge granted plaintiff's motion for additional time, but expressly stated that "the grant of additional time shall not be construed as an extension of applicable statutory time limits with respect to expert affidavits and the sufficiency and timeliness of a purported affidavit of expert review will be considered in the context of the [pending] summary judgment motion. As stated in [a] previous Order granting an extension of time, plaintiff has had ample time since release from incarceration in which to consult with a physician regarding medical malpractice issues in this case. There will be no further extensions of time for submitting motion responses or supporting documents." [Docket No. 80].

the summary judgment motion has been submitted. Rather, plaintiff moved to suspend the proceedings in order to obtain review of his condition by a psychiatrist.

Plaintiff's amended complaint alleges facts relating to a shoulder condition and physical consequences which he contends resulted from improper medical treatment for the condition. With respect to defendants Mayo Clinic and Dr. Suarez plaintiff asserts that the clinic was under contract to provide medical care for prisoners at FMC–Rochester and failed to take appropriated measures to ensure that plaintiff received adequate medical care.[3] Plaintiff states that "Dr. Suarez was delegated authority by Mayo Clinic medical staff to render neurological consultation for the FMC prisoners,"[4] and Dr. Suarez maliciously failed to conduct a physical examination of the plaintiff's neck, upper back and both arms in conspiracy with federal officials for purposes of retaliation for plaintiff's threat to file an Eighth Amendment action. Plaintiff further alleges that Dr. Suarez conspired with federal officials to cover up negligent acts by recommending no treatment for hepatitis C related peripheral neuropathy,[5] and that Dr. Suarez knowingly and maliciously intended to cause re-aggravation of a previous injury by conspiring to withhold treatment for plaintiff's injured neck.[6] Plaintiff summarized his claims by re-asserting that Dr. Suarez conspired with federal officials by attempting to cover up negligent acts with respect to hepatitis C diagnosis and peripheral neuropathy and that his conduct resulted in

---

[3] Amended Complaint. Facts, page 11. [Docket No. 36].

[4] Id.

[5] Id., page 19.

[6] Id.

unnecessary pain and suffering in violation of the Eighth Amendment.[7] In addition, the amended complaint summary alleges that Mayo Clinic showed deliberate indifference to plaintiff's medical needs by delegating authority to Dr. Suarez to render neurological consultations at FMC–Rochester.[8] Plaintiff requests $30,000 in joint and several compensatory damages from Dr. Suarez and Mayo Clinic for loss of future earning capacity; seeks an additional $100,000 in joint and several damages from defendants for mental and emotional anguish; and demands $750,000 in joint and several punitive damages for Eight Amendment violations.

**Expert Review Requirement**

Determination of whether the plaintiff is in need of medical treatment; describing the nature of the affliction and necessary treatment; and evaluation of the adequacy of a defendant's care are technical matters requiring expert review and opinion. See Paulos v. Johnson, 502 N.W.2d 397, 400 (Minn. App. 1993). The primary purpose for the statutory expert review requirement in a malpractice action is elimination of nuisance malpractice suits. Lombardo v. Seydow-Weber, 529 N.W.2d 702, 703 (Minn. App. 1995)(review denied). Obviously, a plaintiff's inability to obtain an expert affidavit might serve to validate the purpose of the statute, and a purported expert affidavit that is not signed by the expert cannot serve as a certification by the expert that there is merit to any claims of malpractice. To the extent that the amended complaint alleges medical malpractice or medical negligence, those claims should be dismissed due to plaintiff's failure to submit the statutorily required affidavit of expert review.

The amended complaint in this matter does not explicitly state that the case

---

[7] Amended Complaint, Summary of Claim, page 31.

[8] Id., pp. 31-32

contains a malpractice claim against defendants Mayo Clinic or Dr. Suarez though the action against them is clearly rooted in negligence. Despite the absence of a direct reference to malpractice in the pleading, plaintiff was provided an extension of time,[9] pursuant to his own request, in which to obtain and submit an affidavit of expert review as necessary to maintain an action for medical malpractice under applicable state law. Minn. Stat. § 145.682, subd. 2.[10] On January 2, 2002, plaintiff filed an affidavit on his own behalf entitled "In Compliance with Minn.

---

[9] Order dated November 29, 2001. [Docket No. 54].

[10] Minn. St. §145.682 states in pertinent part:

> Subd. 2. Requirement. In an action alleging malpractice, error, mistake, or failure to cure, whether based on contract or tort, against a health care provider which includes a cause of action as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affidavit as provided in subdivision 3; and (2) serve upon defendant within 180 days after commencement of the suit an affidavit as provided by subdivision 4.
>
> Subd. 4. Identification of experts to be called. (a) The affidavit required by subdivision 2, clause (2), must be signed by each expert listed in the affidavit and by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the plaintiff's attorney and by each expert listed in the answers to interrogatories and served upon the defendant within 180 days after commencement of the suit against the defendant.
>
> Subd. 6. Penalty for noncompliance.
> Failure to comply with subdivision 2, clause (2), and subdivision 4 results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Stat. at 145.682."[11] The affidavit states that the facts of the case were reviewed by Dr. Keith A. Evans, a chiropractor, and it is Dr. Evan's opinion that "one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff."[12] Dr. Evans, however, is not the affiant, and the affidavit therefore fails to satisfy the statutory provision which mandates that the affidavit be signed by the expert providing the opinion. Minn. Stat. §145.682, subd. 4. In addition, the affidavit fails to identify a person whom plaintiff expects to call as an expert witness at trial. Id. Under these circumstances dismissal of a malpractice action without prejudice is mandatory. Minn. Stat. §145.682, subd. 6.

The only expert affidavit that is available to the Court is fatally deficient in other respects as well and the Court finds no justification or authority for granting additional time in which to obtain another affidavit of expert review. A chiropractic expert is not qualified to offer a opinion with respect to a neurologist's treatment. Dr. Suarez is a neurologist and is not a chiropractor, and there is no claim or evidence to suggest that chiropractic treatment was ever requested from or provided by the Mayo Clinic or Dr. Suarez. In order for a medical witness to be competent to testify as an expert the witness must be qualified to give an opinion based upon knowledge and experience in the subject matter of the testimony. Teffeteller v. University of Minnesota, 645 N.W.2d 420, 426-27 (Minn. 2002). There is no showing that Dr. Evans is qualified to offer an opinion with respect to neurology issues and there is no evidence to suggest that Dr. Suarez provided treatment with regard to the physical therapy care that is addressed in the affidavit. In the present matter the subject matter of the affidavit simply does not relate to the

---

[11] Affidavit of Shelley L. Parnell, Exh. No. 1.

[12] Id.

actions of defendants Suarez and Mayo Clinic and is essentially irrelevant to malpractice claims against these defendants.

The same rationale applies to plaintiff's Motion to Suspend these Proceedings.[13] Plaintiff therein seeks a stay of proceedings because is unable to obtain the requisite expert affidavit from his psychologist and he needs additional time to obtain a review of his case by a psychiatrist. There is no allegation in the amended complaint that Dr. Suarez and Mayo Clinic provided psychological or psychiatric treatment to the plaintiff and there is no basis for a conclusion that the affidavit or testimony of such witnesses would be relevant to malpractice claims against these defendants. Furthermore, as has been stated previously in this action, plaintiff has not been confined in prison for a substantial amount of time and has had ample time in which to obtain an expert's opinion regarding medical treatments provided by Dr. Suarez and the Mayo Clinic. The Court finds that any further stay or suspension of proceeding is merely for purposes of delay and is not supported by good cause. See Minn. Stat. §145.682, subd. 4(b).

**Mental and Emotional Anguish Damages**

In addition to a request for compensatory damages, the amended complaint states a request for $100,000 as mental and emotional anguish damages. The pleading does not state claims for either negligent or intentional infliction of emotional distress. Plaintiff alleges pain related sleeplessness and mental illness relating to lingering resentment, anger and depression resulting from disability due to his injuries. The allegations are conclusory and plaintiff provides no evidence of outrageous conduct on the part of any defendant and no evidence that he has experienced the severe emotional distress necessary to prevail on a claim of either negligent or

[13] [Docket No. 81].

intentional infliction of emotional distress.[14] Plaintiff claim for mental and emotional anguish damages should be dismissed with prejudice.

**Eighth Amendment Constitutional Violations and Punitive Damages**

Plaintiff also requests punitive damages in the amount of $750,000 for callous disregard for his Eighth Amendment rights. In order to state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106; 97 S.Ct. 285, 292 (1976); Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993). In the context of a claim of inadequate medical care, the prisoner must demonstrate more than medical negligence. Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990). The "deliberate indifference to a serious medical need must rise to the level of an unnecessary and wanton infliction of pain." Jorden v. Farrier, 788 F.2d 1347, 1348 (8th Cir. 1986). A serious medical need is a need that has been diagnosed as requiring treatment or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).

The amended complaint alleges that Dr. Suarez and Mayo Clinic are sued in an official capacity, presumably as a consequence of Mayo Clinic's alleged contractual agreement to provide medical services at FMC–Rochester and Mayo's delegation of authority to Dr. Suarez. The pleading contains bare allegations that Mayo Clinic was reckless in failing to take

---

[14] Elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct on the part of the defendant; (2) the conduct was intentional or reckless; and (3) the conduct caused severe emotional distress. Hubbard v. United Press International, 330 N.W.2d 428, 438-39 (Minn. 1983). The plaintiff may recover for negligent infliction of emotional distress if he: (1) was within a zone of danger or physical impact; (2) reasonably feared for his own safety; and (3) suffered severe emotional distress with physical manifestations. Masepohl v. American Tobacco Co., 974 F. Supp. 1245, 1251-52 (D. Minn. 1997).

appropriate measures to ensure that plaintiff received adequate medical care; that Dr. Suarez knew that withholding treatment for injured nerves would cause unnecessary pain and suffering; and that Mayo Clinic was deliberately indifferent because it delegated authority to Dr. Suarez, who in turn callously and maliciously withheld treatment and conspired with federal officials to retaliate against plaintiff for stating that he would file an Eight Amendment action. With respect to any of these claims plaintiff has offered nothing more than conclusory and self-serving allegations which are entirely unsupported by facts. Failure to treat a medical condition is not punishment under the Eighth Amendment unless prison officials knew that the condition created excessive risk to the prisoner's health and then failed to act on that knowledge. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) citing Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). Prison officials may exhibit deliberate indifference by intentionally denying or delaying access to medical care, Dulany at 1239, but mere negligence is insufficient to rise to a constitutional violation. Id. citing Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 281-92 (1976). In order to survive summary judgment plaintiff must present *prima facie* evidence to demonstrate (1) that he had objectively serious medical needs and (2) that defendant actually knew of but deliberately disregarded those needs. Dulany at 1239, citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997).

Plaintiff offers essentially no objective evidence in support of a retaliation claim and his own complaint belies any claim that he was not provide treatment for his medical conditions.[15] A serious medical need is a need that has been diagnosed by a physician as requiring treatment or that is so obvious that the necessity for professional attention would be

---

[15] Plaintiff's medical records. Attachments to initial complaint.

easily recognized by a layperson. Coleman at 784, citing Camberos v. Branstad, 73 F.3d at 176. The minimal objective evidence that is contained in the record either fails to substantiate plaintiff's claims or largely contradicts plaintiff's contentions with respect to his medical claims. The evidence before the Court in this matter does not support an Eight Amendment claim against defendants Suarez and Mayo Clinic and therefore does not support a claim for punitive damages based upon constitutional violations.

**Conspiracy**

The amended complaint contains an assertion that Dr. Suarez conspired with federal officials to cover up negligent acts involving diagnosis of peripheral neuropathy relating to hepatitis C.[16] The conspiracy allegation is premised upon negligence of those federal defendants with respect to which plaintiff has failed to make required evidentiary showings. Indeed, malpractice claims against the federal defendants have been dismissed for failure by plaintiff to submit an affidavit of expert review and the Court is herein recommending dismissal of malpractice claims against defendant Suarez for the same reason. In addition, the amended complaint states only a bare allegation of conspiracy, and plaintiff offers no evidence whatsoever to support a claim that there was some joint effort by Dr. Suarez and any particular federal defendant, or concerted action of defendants, in furtherance of some unlawful purpose.[17] To the

---

[16] Amended Complaint, pages 19, 31.

[17] Conspiracy is defined in Black's Law Dictionary, Sixth Ed., 1990, page 309 as:

> A combination or confederacy between two or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act, or some act which is lawful in itself, but becomes unlawful when done by the concerted action of the conspirators, or for the purpose of using criminal or unlawful means to the commission of an act not in itself unlawful.

extent that the amended complaint asserts a claim for damages arising out of conspiracy between Dr. Suarez and other defendants in this matter, the allegation is without merit and the claim should be dismissed.

## RECOMMENDATION

Based upon the foregoing discussion, the Magistrate Judge **hereby recommends** that plaintiff's Motion to Suspend Proceedings be **denied** [Docket No. 81]; that the Motion for Summary Judgment by defendants Guillermo A. Sanchez and Mayo Clinic be **granted** [Docket No. 75]; and that plaintiff's amended complaint [Docket No. 36] thereby be **dismissed** with prejudice for failure to submit an affidavit of expert review as necessary to proceed on medical malpractice claims. Minn. Stat. §145.682. It is **further recommended** that claims against defendants Suarez and Mayo Clinic for damages based upon mental and emotional anguish, as well as Eighth Amendment, conspiracy, and punitive damages claims, be **dismissed** with prejudice.

Dated: 10/30/02

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 12, 2002.